UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WALTER L. CLEVELAND, JR.,

                                   Plaintiff,            1:05-CV-0344
                                                                     (NAM)(DRH)

    v.

NEW YORK STATE,

                                   Defendant.
_____

APPEARANCES:

WALTER L. CLEVELAND, JR.
Plaintiff, *pro se*
03-A-4425
Attica Correctional Facility
Box 149
Attica, NY 14011

NORMAN A. MORDUE, DISTRICT JUDGE

## ORDER

The Clerk has sent to the Court the Amended Complaint submitted for filing by Plaintiff Walter Cleveland, Jr. ("plaintiff").  Dkt. No. 11.  Plaintiff filed the Amended Complaint in accordance with this Court's April 4, 2005 Order.

In that Order, the Court observed:

> Although plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 for the alleged violation of his civil rights, the gravamen of plaintiff's complaint is that he should be released from prison because he was convicted of a crime that does not exist.  To the extent that plaintiff challenges the fact or duration of his confinement, that relief is not available in a section 1983 action.  Plaintiff is advised that he may seek release from custody only by way of a successful habeas petition filed in the appropriate District.  *See Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) ("habeas corpus -- not a § 1983 action -- provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment ....") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)).

Dkt. No. 4 at 3.  The Court also noted that plaintiff had filed three prior habeas petitions in this District challenging his current incarceration, and that two petitions were dismissed due to plaintiff's failure to comply with Orders of the Court, and the third was dismissed in December 2004 because plaintiff had not exhausted his state court remedies.  Dkt. No. 4 at fn. 2.

By his amended complaint, plaintiff does not explicitly seek immediate release from prison.  Rather, plaintiff seeks substantial monetary damages for allegedly being imprisoned for three years for a crime that does not exist under New York State law. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, ..., a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  A claim for damages for an allegedly unconstitutional conviction or imprisonment that has not been so invalidated is not cognizable under section 1983.  *Id.*

Because it does not appear that the challenged conviction has been reversed, expunged, invalidated or impugned, plaintiff's amended complaint does not state a claim upon which relief can be granted under section 1983 and must be dismissed.

Additionally, New York State is the only defendant plaintiff names in his amended complaint.  Monetary claims against New York State are barred by the Eleventh Amendment to the United States Constitution.  *See* U.S. Const., Amend. XI; *Hans v. Louisiana*, 134 U.S. 1 (1890); *Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988); *Amankwaah v. Cayuga County*, 1992 WL 296459 at *2-3 (N.D.N.Y. Oct. 16, 1995)

(McCurn, C.J.).  Thus, the only defendant named in plaintiff's amended complaint is immune from this lawsuit, and plaintiff's complaint must be dismissed for this reason as well.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed for the reasons stated above, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff by regular mail.

Dated:     May 4, 2005
           Syracuse, NY

Norman A. Mordue
U.S. District Judge